[No. 9517.  *En Banc.*  August 8, 1911.]

JAMES T. WENTWORTH, *Appellant*, v. JOHN R. MOORE *et al.,*
*Respondents.*[1]

ATTACHMENT—DISSOLUTION—FAILURE TO GIVE BOND—CONDITION
PRECEDENT. On motion to dissolve an attachment erroneously is-
sued without a bond, leave to file a bond is properly denied, the
statute making the filing of a bond a condition precedent to an
attachment.

Appeal from an order of the superior court for King
county, Sheeks, J., entered January 31, 1911, discharging
an attachment, after a hearing before the court.  Affirmed.

*Geo. D. Emery* (*W. D. Covington*, of counsel), for ap-
pellant.

*Reynolds, Ballinger & Hutson,* for respondents.

PER CURIAM.—This is an appeal from an order dissolving
an attachment.  Plaintiff, at the time of filing his complaint,
filed an affidavit for a writ of attachment to be levied on real
estate only, alleging, among other things, that the defend-
ants were nonresidents.  The writ was issued and levied upon
the real estate referred to.  The defendants entered their
appearance, and moved to vacate and quash the writ of at-
tachment on the ground that the defendants were residents
of the state of Washington prior to, at the time of, and sub-
sequent to the issuance of the writ.  This question was tried
out on affidavits furnished by both parties, and the court
found that the defendants were residents of the state, and
decreed the dissolution of the attachment.  We have read
the affidavits and do not feel justified in disturbing the find-
ings of the court in that regard.  The plaintiff then offered
to file a bond, which offer we think was properly denied by
the court, the statute making the execution and filing of a
bond a condition precedent to the issuance of the writ.  The

[1]Reported in 117 Pac. 251.

question objected to by defendants, which objection was sustained by the court, was irrelevant and immaterial, as it did not touch on the subject of residence; and without a bond the attachment should not have issued.

The judgment is affirmed.